NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH M. COCHRAN,

Plaintiff - Appellant,

v.

MICHELLE KING,* Commissioner of
Social Security,

Defendant - Appellee.

No. 24-455

D.C. No.
3:23-cv-05166-BAT

MEMORANDUM**

Appeal from the United States District Court
for the Western District of Washington
Brian A. Tsuchida, United States Magistrate Judge, Presiding

Submitted February 4, 2025***
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Kenneth M. Cochran appeals the district court's decision affirming the

---

\*      Michelle King is substituted as Acting Commissioner of the Social
Security Administration pursuant to Fed. R. App. P. 23(c).

\*\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Commissioner of Social Security's denial of Cochran's application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act ("SSA"). We review the district court's order de novo and reverse the Administrative Law Judge's ("ALJ") decision to deny benefits only if it is based on legal error or not supported by substantial evidence. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

1. The ALJ considered the requisite factors and applied the correct legal standard in evaluating the relevant medical opinions. *See* 20 C.F.R. § 404.1527(b)-(c).[1] Here, the ALJ found that the opinions of the examining and non-examining psychologists were inconsistent with the descriptions of Cochran's functioning in the record. These reasons included internal inconsistencies within the psychologists' reports, as well as inconsistencies with Cochran's presentation at his various evaluations. Furthermore, the ALJ noted that the record reflected that Cochran played online video games with friends for long periods of time, interacted with family, attended college full-time, babysat his niece, and worked as

---

[1] Revisions to the regulations altered the standards for evaluation of medical opinion evidence for claims filed on or after March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Because Cochran filed his claim before March 27, 2017, the medical opinions are evaluated under the prior regulations.

a paid caregiver for his disabled brother. At his primary care medical appointments, Cochran presented unremarkably, showing normal behavior as well as normal mood and affect. Even Cochran's presentation at the SSA hearing in front of the ALJ showed him to be of "largely normal mental status."

As required by law, the ALJ also provided "germane reasons" for discounting the opinion of Cochran's treating nurse practitioner. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (an ALJ may "discount testimony from [nurse practitioners] if the ALJ 'gives reasons germane to each witness for doing so'" (citations omitted)). As with Cochran's medical providers, the ALJ found that Cochran's nurse practitioner's opinions were inconsistent with the medical record and with Cochran's daily activities.

2. In evaluating a claimant's subjective symptom testimony, "the ALJ must engage in a two-step analysis: 'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation omitted). The parties do not dispute that Cochran satisfied the first

3

step. As to the second step, despite Cochran's assertion to the contrary, the ALJ provided specific, clear and convincing reasons for discounting Cochran's testimony regarding the severity of his symptoms. These reasons were supported by "substantial evidence." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022). Here, the ALJ discounted Cochran's testimony on the severity of his limitations, both physical and mental, because it was inconsistent with the medical record, inconsistent with Cochran's daily activities, and inconsistent with Cochran's own statements in the record. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (explaining that the ALJ considers the effectiveness of medications and other treatment in evaluating the reliability of symptom testimony); *id.* § 404.1529(c)(4) (explaining that the ALJ considers the extent to which the claimant's allegations are consistent with the objective medical and other evidence); *Smartt*, 53 F.4th at 499 (explaining that the ALJ may discredit a claimant's symptoms testimony as inconsistent with reported daily activities).

3. Moreover, the ALJ did not err when it did not discuss Cochran's SSA interviewer's observational evidence. The ALJ is not required to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted).

4. Finally, although the ALJ erred in rejecting lay evidence from Cochran's sister, the error was harmless. *See* 20 C.F.R. § 404.1527(f)(2). Here, the ALJ's

4

discounting of Cochran's sister's testimony because it was based on observational and not medical evidence constituted error. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). However, because Cochran's sister did not describe any limitations or symptoms beyond those that Cochran's testimony provided, the ALJ's failure to consider her lay testimony was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (holding that an ALJ's failure to provide reasons to discount lay witness testimony was harmless because the discounted testimony "did not describe any limitations beyond those Molina herself described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons" (footnote omitted)).

**AFFIRMED.**